FILED

1    Issa K. Moe, Bar No. 254998
     Moel@moss-barnett.com
2    MOSS & BARNETT, P.A.
     4800 Wells Fargo Center
3    90 South Seventh Street
     Minneapolis, Minnesota 55402
4    (612) 877-5399/FAX (612) 877-5016

5    Attorneys for Defendant
     FIRST NATIONAL COLLECTION
6    BUREAU, INC.

2012 MAR 29  PM 1:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10          ED CV 12 - 00453 VAP

11   CARRIE COUSER, an individual,        Case No.
     and all others similarly situated,
12
               Plaintiffs,
13                                         NOTICE OF REMOVAL OF
          v.                               ACTION UNDER 28 U.S.C. § 1441(b)
14                                         (FEDERAL QUESTION)
     FIRST NATIONAL COLLECTION
15   BUREAU, INC.,

16             Defendant.

17

18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that defendant First National Collection Bureau,

21   Inc. ("FNCB") hereby removes to this Court the state court action described below.

22        1.    On or about February 9, 2012, plaintiff Carrie Couser ("Plaintiff")

23   commenced a putative class action in the Superior Court of California, County of

24   San Bernardino, entitled *Carrie Couser, an individual; and all others similarly*

25   *situated v. First National Collection Bureau, Inc.*, and assigned Case No. CIVRS

26   1201085.  A copy of the Summons and Complaint are attached as Exhibit A.  A

27   copy of FNCB's Answer to the Complaint filed in the superior court is attached as

28   Exhibit B.

1976756v1

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

2.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by FNCB pursuant to 28 U.S.C. § 1441(b), in that Plaintiff is alleging violations of federal law.

3.    Plaintiff caused a copy of the Summons and Complaint to be served on FNCB via personal service on February 28, 2012.  This removal is therefore timely.

4.    FNCB is not aware of any other pleadings or documents that have been filed in this matter.

5.    As required by 28 U.S.C. § 1446(d), FNCB will give notice of the filing of this notice to Plaintiff and to the clerk of the Superior Court of California, County of San Bernardino, where the action is currently pending.

WHEREFORE, FNCB respectfully requests that the above-captioned matter currently pending in the Superior Court of California, County of San Bernardino, be removed to this Court.

MOSS & BARNETT, P.A.

Dated: March 29, 2012                     By: _____
                                              ISSA K. MOE
                                              Attorneys for Defendant
                                              FIRST NATIONAL COLLECTION
                                              BUREAU, INC.

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

1976756v1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST NATIONAL COLLECTION BUREAU, INC.

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 0 9 2012 *mv*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARRIE COUSER, an individual; and all others similarly situated

BY *Mary Vargas*
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino

8303 North Haven Avenue
Rancho Cucamonga, CA 91730

**CASE NUMBER:**
*(Número del Caso):* CIVRS 1 2 0 1 0 8 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

MARY VARGAS

DATE: FEB 0 9 2012
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
      [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



**EXHIBIT**
**A**

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 09 2012

BY _Mary Vargas_
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SAN BERNARDINO
### UNLIMITED JURISDICTION

Case No.   CIVRS 1 2 0 1 0 8 5

|  |  |
|---|---|
| CARRIE COUSER, an individual; and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST NATIONAL COLLECTION BUREAU, INC., <br><br> Defendant. | **CLASS ACTION COMPLAINT** <br><br> **COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> (Amount not to exceed $10,000) JT <br><br> 1. Violation of Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is class action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2.     Plaintiff, Carrie Couser ("Plaintiff"), is a natural person residing in San Bernardino county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, First National Collection Bureau, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     Defendant contacted Plaintiff at (909) 684-4164, in connection with an attempt to collect an alleged debt.

6.     On August 25, 2011 at 9:33am and September 6, 2011 at 9:55am, Plaintiff received voicemails from Defendant stating:

"This message is for Carrie Couser, may name is Corwin, please return my call 800-824-6191, reference no. 30580216. Thank you."

7.     Defendant's employee violated 1692e(11) when he failed to disclose to Plaintiff during the communication, that the communication was an attempting to collect an debt.

Complaint - 2

8.      Defendant's employee violated 1692e(11) when he failed to disclose to Plaintiff during the communication, that the communication was from a debt collector.

9.      Defendant's message is a communication subjecting Defendant to the provisions 15 U.S.C. §1692e(11). 387 F.Supp. 2d 1104, 1116 (C.D. Cal. 2005) (The Court concludes that the messages left by defendant on Plaintiff's answering machine constitute "communications.". While the message may not technically mention specific information about a debt or the nature of the call, §1692a(2) applies to information conveyed "directly or indirectly." Defendant conveyed information to Plaintiff, including the fact that there was an important matter that she should attend to and instructions on how to do so".

10.     Defendant has violated §1692e(11) because the message is a communication which does not convey the information required by §1692e(11),in particular, that the message was from a debt collector. See e.g. Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp. 2d 1104, 1116 (C.D. Cal.2005)(Because it appears that defendant's messages are `communications' subjecting defendant to the provisions of §1692e(11), it also appears that defendant has violated §1692e(11) because the messages do not convey the information required by §1692e(11), in particular, that the messages were from a debt collector").

11.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

   b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

12.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this class action pursuant to the provisions of California Code of Civil Procedure section 382 on behalf of herself and all others similarly situated.

14.     The proposed class is readily definable.   The class that Plaintiff seeks to represent is defined as follows:

> All natural persons located in Ninth Circuit who, within one year before the date of this complaint, received a voice message from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party, and where the voice message fails to provide meaningful disclosure of Defendant's identity or the nature of the communication.

> The proposed class specifically excludes the United States of America; the State of California; counsel for the parties; the presiding Judge, the Judges of the California Court of Appeals, the Justices of the California Supreme Court, and the members of their immediate families and judicial staff; Defendant and its subsidiaries and affiliates; all officers, directors, and employees of Defendant; and all persons who have settled with and validly released Defendant from separate, non-class legal actions against Defendant based on the conduct alleged herein.

15.     This action meets the statutory prerequisites for the maintenance of a class action as set forth in California Code of Civil Procedure section 382.

16.     The persons who comprise the proposed class are so numerous that the joinder of all class members in one action is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Plaintiff does not know the exact size of the class because such information is within the exclusive control of Defendant.   Nonetheless, there are

potentially thousands of class members, geographically dispersed throughout the United States but primarily located in the State of California.

17.     Defendant has acted with respect to Plaintiff and the proposed class members in a manner generally applicable to each of them, thereby making final relief appropriate with respect to the Class as a whole.  There is a well-defined community of interest in the questions of law and fact involved, which affect all class members.  The questions of law and fact that are common or of general interest to the class predominate over the questions that may affect only individual class members, including the following:   whether Defendant violated 15 U.S.C. §1692e(11) by placing calls to telephones failing to disclose that the communication is from a debt collector attempting to collect a debt.

18.     Plaintiff's claims are typical of the claims of the proposed class members.  Like all proposed class members, she received telephone calls from Defendant on her telephone that were placed by Defendant failing to disclose that the communication is from a debt collector attempting to collect a debt,  in violation of 15 U.S.C. §1692e(11).

19.     Plaintiff will fairly and adequately represent and protect the interests of the proposed class members, and does not have interests that are antagonistic to, or in conflict with, those of the class.

20.     Plaintiff has retained counsel with substantial experience in the prosecution of FDCPA and RFDCPA litigation, class action litigation, and other forms of complex litigation.

21.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Because of the size of the individual proposed

class members' claims, few, if any, of the proposed class members could afford to seek legal redress for the wrongs alleged in this complaint.  Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this case that would preclude its maintenance as a class action.

22.     The prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to thousands of individual class members, which would establish incompatible standards of conduct for Defendant and which would, as a practical matter, dispose of the interests of the class members not parties to those separate actions or substantially impair or impede their ability to protect their interests and enforce their rights.

23.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff reincorporates by reference all of the preceding paragraphs.

25.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the RFDCPA;
B.     Actual damages;

C.   Statutory damages for willful and negligent violations;
D.   Costs and reasonable attorney's fees; and
E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

26.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

a)  Determining that this action may be maintained as a class action under California Code of Civil Procedure 382 and that Plaintiff is certified as a class representative and her attorneys as class counsel, and designating this Complaint the operative complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. §1692e(11);

c)  Enjoining Defendant from further violations of 15 U.S.C. §1692e(11) with respect to Plaintiff and the class members;

d)  Awarding Plaintiff and the class members statutory damages, pursuant to 15 U.S.C. §1692;

e)  Awarding Plaintiff and the class members actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692;

f)  Awarding Plaintiff and the class members reasonable attorneys' fees and costs incurred in this action, including expert fees;

g)  Awarding Plaintiff and the class members any pre-judgment and post-judgment interest as may be allowed under the law; and

h)  Awarding Plaintiff and the class members such other and further relief as this

Court deems just and proper.

### JURY DEMAND

Plaintiff and the Class Members are entitled to, and hereby demand, a trial by jury.


### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 3rd day of February, 2012.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752, Darin Shaw, Esq. SBN 251037
Law Offices of Todd M. Friedman
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
TELEPHONE NO: 877-206-4741          FAX NO: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Carrie Couser

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 09 2012

BY _Mary Vargas_
                          DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 8303 North Haven Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: Rancho Cucamonga Courthouse

CASE NAME:
Carrie Couser v. First National Collection Bureau, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter  ☐ Joinder | CIVRS 1 2 0 1 0 8 5 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: February 3, 2012

Todd M. Friedman
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Carrie Couser

Case No. <u>CIVRS 1 2 0 1 0 8 5</u>

vs.

CERTIFICATE OF ASSIGNMENT

First National Collection Bureau, Inc.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the <u>Rancho Cucamonga</u>
District of the Superior Court under Rule 404 of this court for the checked reason:

[ ] General        [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [x] 20 | Other  RFDCPA | Plaintiff resides within the district |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Carrie Couser                                    P.O. Box 514
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

Rancho Cucamonga                    CA                    91739
(CITY)                              (STATE)              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

February 3, 2012                at  Beverly Hills                    , California

Signature of Attorney/Party

13-16503-360 Rev. 10/94                                              SB-16503



*You Don't Have to Sue*

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

-2-

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-3-

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Revised 09/17/10

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center**, toll free, **1-800-952-5210**, or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-5-

7



Superior Court of California
County of San Bernardino

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost.  The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court (Building E)
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

Revised 09/17/10

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

FILED
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 1 6 2012

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730

http://www.sbcounty.gov/courts

CASE NO: CIVRS1201085

BY *Mary Vargas*
DEPUTY

IN RE: CARRIE COUSER-V-FIRST NATIONAL COLLECTION BUREAU

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO KEITH D DAVIS IN DEPARTMENT R6 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
05/10/12 at  8:30 in Department R6. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 07/06/12 at  8:30
in Department R6.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Stephen H. Nash, Clerk of the Court
Date: 02/16/12                                      By: MARY VARGAS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

(.) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 02/16/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 02/16/12 at Rnch Cucamonga, CA  By: MARY VARGAS

1  Issa K. Moe, Bar No. 254998
   MoeI@moss-barnett.com
2  MOSS & BARNETT, P.A.
   4800 Wells Fargo Center
3  90 South Seventh Street
   Minneapolis, Minnesota 55402
4  (612) 877-5399/FAX (612) 877-5016

5  Attorneys for Defendant
   FIRST NATIONAL COLLECTION
6  BUREAU, INC.

7

8

9

10

11

12

13

14

15

16

17

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

MAR 2 8 2012

BY _____
LORRAINE KIHM, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

CARRIE COUSER, an individual;
and all others similarly situated,

Plaintiffs,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC.,

Defendant.

Case No. CIVRS 1201085

**ANSWER OF FIRST NATIONAL
COLLECTION BUREAU, INC. TO
COMPLAINT**

18

19      COMES NOW defendant First National Collection Bureau, Inc.

20  ("Defendant") in answer to the Complaint of Carrie Couser ("Plaintiff") on file

    herein, and admits, denies and alleges as follows:

21      Pursuant to the provisions of California Code of Civil Procedure section

22  431.30(d), Defendant denies, generally and specifically, each, every and all of the

23  allegations of the Complaint as a whole, and further generally and specifically

24  denies that Plaintiff has sustained any loss, injury, or damage as a proximate result

25  of any act, breach, or omission on the part of Defendant.

26                          **FIRST DEFENSE**

27      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

28

1976817v1

**EXHIBIT**

B

- 1 -

ANSWER OF FIRST NATIONAL COLLECTION BUREAU, INC. TO COMPLAINT

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

## SECOND DEFENSE

Defendant's actions have not been willful, to the extent that they violate California or federal law, which Defendant denies.

## THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and Plaintiff's recovery should therefore be barred or reduced according to law.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions or omissions of Plaintiff and do not give rise to any liability of Defendant.

## SIXTH DEFENSE

Plaintiff's action against Defendant is barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Any damage to Plaintiff, which Defendant denies, is due to the acts or omissions of Plaintiff or third parties and Defendant is not liable for said acts, omissions or alleged damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

## NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate Plaintiff's damages.

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's lack of standing.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of Plaintiff's contracts with Plaintiff's underlying creditors.

### TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### SEVENTEETH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to Defendant, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

### EIGHTEENTH DEFENSE

Any violation of law by Defendant, which Defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

///

1976817v1

**ANSWER OF FIRST NATIONAL COLLECTION BUREAU, INC. TO COMPLAINT**

1

**NINETEENTH DEFENSE**

2          Plaintiff suffered no damage from the alleged violations by Defendant and

3    therefore is not entitled to any award of damages, attorneys' fees or costs.

4

**TWENTIETH DEFENSE**

5          All of Defendant's actions have been in accordance with California and

6    federal debt collection practices and consumer credit laws.

7

**TWENTY-FIRST DEFENSE**

8          This action may not be maintained as a class action because, among other

9    things, Plaintiff and members of the purported class are not similarly situated and

10   the potential claims of the purported class members reflect variability.

11

**TWENTY-SECOND DEFENSE**

12         Defendant may have additional defenses that cannot be articulated due to

13   Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant

14   does not have copies of certain documents bearing on Plaintiff's claims and due to

15   Plaintiff's failure to provide more specific information concerning the nature of the

16   damage claims and claims for certain costs which Plaintiff alleges that Defendant

17   may share some responsibility.  Defendant therefore reserves the right to assert

18   additional defenses upon further particularization of Plaintiff's claims, upon

19   examination of the documents provided, upon discovery of further information

20   concerning the alleged damage claims and claims for costs, and upon the

21   development of other pertinent information.

22         WHEREFORE, Defendant First National Collection Bureau, Inc. prays for

23   an order and judgment of this Court in its favor against Plaintiff as follows:

24         1.     Dismissing all causes of action against it with prejudice and on the

25   merits;

26         2.     Awarding its reasonable costs and attorneys' fees; and

27         3.     Awarding it such other and further relief as the Court deems just and

28

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

1    equitable.

2

3                                    MOSS & BARNETT, P.A.

4

5    Dated: March 28, 2012         By: _____

6                                    ISSA K. MOE
                                     Attorneys for Defendant
7                                    FIRST NATIONAL COLLECTION
                                     BUREAU, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

ANSWER OF FIRST NATIONAL COLLECTION BUREAU, INC. TO COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 453 VAP (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>Carrie Couser, an individual and all others similarly situated. | DEFENDANTS<br>First National Collection Bureau, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Todd M. Friedman, Law Offices of Todd M. Friedman, P.C., 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741 | Attorneys (If Known)<br>Issa K. Moe, Moss & Barnett, P.A., 4800 Wells Fargo Center, 90 S. 7th Street, Minneapolis, MN 55402, 612-877-5000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No   □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692 et seq. alleged violations of Fair Debt Collection Practices Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

ED CV 12 - 00453 VAP MAN

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

MAR 29 2012

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Doss K. Me_      Date _3/29/12_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |